# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| FRED PETERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:09-CV-27-TS |
| ) | |
| ALAN FINNAN, Superintendent, ) | |
| Wabash Valley Correctional Facility, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion to Reconsider the Decision to Transfer (entitled Motion for Dispositive Issue Question of Venue) [DE 8]. The Plaintiff filed a Complaint [DE 1] pursuant to 42 U.S.C. § 1983 naming five Defendants, all of whom are officials at the Wabash Valley Correctional Facility. (Compl. ¶¶ 11, 12, 13, 14 & 26.) All of the claims in his Complaint deal with events that occurred at the Wabash Valley Correctional Facility. Because the proper venue for this case, pursuant to 28 U.S.C. § 1391(b), is the United States District Court for the Southern District of Indiana, this Court on January 26, 2009, transferred the case to the Southern District of Indiana. On January 27, certified copies of the transfer Order and the docket sheet were sent to the Southern District of Indiana. The Plaintiff has now filed a Motion to Reconsider the Court's transfer decision.

This Court has the authority to reconsider its earlier Order transferring the Plaintiff's case to the Southern District of Indiana. *See Robbins v. Pocket Beverage Co. Inc.,* 779 F.2d 351 (7th Cir. 1985). The Plaintiff has, however, presented no argument that would justify reconsideration of the transfer order. The Plaintiff asserts that "this cause of action began at Westville Corr. Complex . . . . Plaintiff did send a 42 U.S.C. § 1983 civil complaint as well as his Motion for

Contempt against Wm. K. Wilson who was Supt. of Westville (WCC) as well as other Defendants." (Pl.'s Mot. for Recons. 1, DE 8.) However, the Complaint that the Plaintiff filed in this matter does not name Superintendent Wilson as a defendant, and it deals only with events that allegedly occurred at the Wabash Valley Correctional Facility. The Plaintiff's Motion for Contempt [DE 4], requesting a contempt citation against Superintendent Wilson, asserts that Superintendent Wilson improperly transferred the Plaintiff from Westville to Wabash Valley. Accordingly, the actions the Plaintiff seeks to hold Superintendent Wilson in contempt for bear no relation to the issues raised in the Complaint in this case.

Moreover, the Plaintiff may not bring unrelated claims against the Wabash Valley officials and Superintendent Wilson in the same complaint pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In *George*, the court held that:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner. George did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants."

*Id.* The court also explained:

> The district court did not question George's decision to join 24 defendants, and approximately 50 distinct claims, in a single suit. It should have done so. The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner

may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

*Id.*

The allegations against Superintendent Wilson contained in the Plaintiff's Motion for Contempt are different than the claims he brings in his Complaint against the Wabash Valley officials. Had the Plaintiff attempted to sue the Wabash Valley officials for events that occurred there, and also to sue Superintendent Wilson in the same complaint for events that occurred at Westville, that would have been an improper attempt to bring unrelated claims in a single case. Pursuant to the Seventh Circuit's instruction in *George*, this Court would have been required to reject the Plaintiff's attempt to bring those unrelated claims in the same case. A claim against Superintendent Wilson that he improperly transferred the Plaintiff to Wabash Valley might be appropriate in a different case, but not in this one.

For the foregoing reasons, the Court now DENIES the Plaintiff's Motion to Reconsider the Decision to Transfer (entitled Motion for Dispositive Issue Question of Venue) [DE 8].

SO ORDERED on February 17, 2009.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN, JUDGE
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION